**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: CHRISTINE C. HUFFMAN, | ) | Case No. 09-60343-LYN |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ANDREW S. GOLDSTEIN, Chapter 7 Trustee, | ) | Adv. No. 11-06095 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHC-MARTINSVILLE, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**MEMORANDUM**

This matter comes before the court on a motion to dismiss this case and a motion to abstain from hearing this case filed by PHC-Martinsville, Inc., trading as Memorial Hospital of Martinsville & Henry County ("the Defendant"). Andrew S. Goldstein ("the Plaintiff" or "the Chapter 7 trustee")

1

opposes both motions.

## *Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

## *Facts*

Ms. Christine C. Huffman ("the Debtor") was a patient in Memorial Hospital of Martinsville and Henry County ("the Hospital"), which is owned by the Defendant. On September 9, 2008, she fell in her hospital room but did not believe, at the time, that she was injured. She subsequently believed that she did in fact sustain injuries from the fall. The Plaintiff alleges that the injuries that she sustained gave rise to a cause of action ("the Cause of Action").

On February 4, 2009, the Debtor filed a Chapter 7 petition with the Clerk of this Court. She did not schedule the Cause of Action against the Defendant as property of the estate because she did not believe that she was injured by the fall. She received a discharge and the case was closed in the normal course.

After the case was closed, the Debtor learned that she had suffered what she describes as "severe and permanent" injury as a result of the fall in the Hospital. On September 7, 2010, she filed a medical malpractice complaint initiating a lawsuit ("the State Court Lawsuit") against the Defendant based on injuries allegedly incurred as result of the fall in the Hospital.

On May 18, 2011, the Hospital filed a motion to dismiss the State Court Lawsuit, arguing

that Ms. Huffman had no standing to bring the suit because the Chapter 7 trustee was the proper party in interest. The State Court proceeding was stayed to permit Ms. Huffman to consider her options through the bankruptcy court. On August 23, 2011, the bankruptcy case was reopened and on September 9, 2011, the Chapter 7 trustee filed a complaint initiating the above-styled adversary proceeding.

The Plaintiff demanded a jury trial and solicited the Defendant's consent, but that consent was not forthcoming. The Plaintiff filed motion to withdraw the reference with the United States District Court ("the District Court") based on Local Bankruptcy Rule 9015-1 which provides that a party shall file a motion to withdraw the reference if the opposing party does not agree to a trial by jury. The Hospital filed a motion to abstain and a motion to dismiss. The District Court let issue an order that delayed the decision to withdraw the reference until this court rules on the motion to dismiss and the motion to abstain.

### *Discussion.*

The Defendant brings two motions, one to dismiss and one to abstain from hearing this matter in the federal courts.

I.

The motion to dismiss is brought under Fed. R. Civ. P. 12(b)(6), which is made applicable in this proceeding by Fed. R. Bankr. P. 7012(b). Rule 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief may be granted. To survive a motion to dismiss under Rule 12(b)(6) a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at ---, 129 S. Ct. at 1950. A claim has plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed.R.Civ.P. 12(b)(6), if the time bar is apparent on the face of the complaint. *Dean v. Pilgrim's Pride Corp*, 395 F.3d 471, 474 (4th Cir. 2005).

The Cause Of Action is property of the estate. 11 U.S.C. § 541(a). The Cause Of Action was not abandoned upon the closing of the case because it was not scheduled. *See* 11 U.S.C. § 554(d). The Cause Of Action is subject to administration by the Chapter 7 trustee because it remains property of the estate. 11 U.S.C. § 702(a)(1)-(2). The automatic stay remained, and remains, in effect with respect to the Cause of Action. *See* 11 U.S.C. § 362(c)(1). It follows that the Debtor does not have standing to prosecute the Cause Of Action.

The Defendant argues that the Complaint is barred by the Virginia two-year statute of limitations under Va. Code § 8.01-243[1]. Under Virginia law a cause of action for personal injury arises at the time of injury. *See Van Dam v. Gay*, 280 Va. 457, 699 S.E.2d 480 (2010); *Shipman v. Kruck*, 267 Va. 495, 593 S.E.2d 319 (2004); and *Int'l Surplus Lines Ins. Co. v. Marsh & McLennan, Inc*. 838 F.2d 124 (4th Cir. 1988). In this case, Section 8.01-243 provides that the Cause Of Action expired on September 9, 2010. The Complaint was filed on September 19,

---

[1]    Va. Code § 8.01-243 provides:

Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues.

2011, and so the Cause of Action would be barred under Section 8.01-243.

Section 108(a)[2] of the bankruptcy code, however, extends any cause of action (that is not barred under non-bankruptcy law as of the date of petition) brought by a Chapter7 trustee to the date that is two years after the order for relief which occurred on the date that the petition was filed.[3] The two-year extension in this case would have extended the deadline under the Virginia statute of limitations under Va. Code § 8.01-243 to February 4, 2011.

The Chapter 7 trustee did not file the Complaint until September 19, 2011, a date that was more than seven months after February 4, 2011. The Chapter 7 trustee, however, argues that the deadline under Section 108(a) is further extended because the two-year statute is tolled while the case is closed, that is, that the statute runs only while the trustee is empowered to bring a complaint. The Chapter 7 trustee also argues that the limitations period should be extended under the doctrine of equitable tolling.

The Chapter 7 trustee cites a number of courts have considered a similar statute, 11 U.S.C. § 546(a) and, according to the trustee, concluded that the statute of limitations is tolled during the period during which there is no trustee empowered to administer the estate. The most recent opinion is *In re Herzig*, 96 B.R. 264 (9th Cir. 1989). In *Herzig*, a creditor of the debtor asserted that the debtor had concealed and failed to disclose assets. No assets were found and

---

[2] Section 108 provides:

(a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of--
    (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
    (2) two years after the order for relief.

[3] The commencement of a voluntary case under a chapter of the Bankruptcy Code constitutes an order for relief under such chapter. 11 U.S.C. § 501(b).

5

the case was closed after fourteen months. The case was reopened to permit the debtor to add creditors and the case was closed after seven months. The same creditor observed that there was evidence in the debtor's divorce proceeding that the debtor had indeed concealed assets. The Court denied the trustee's motion to reopen the case because any cause of action to recover the assets would be barred under Section 546(a). Section 546(a) provides:

> (A) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of--
>     (1) the later of--
>         (A) 2 years after the entry of the order for relief; or
>         (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>     (2) the time the case is closed or dismissed.

The Ninth Circuit noted that more than two years had passed since the trustee was first appointed and that the case had been close. The Court wrote:

> . . . [A]n avoidance action [in this case] is not necessarily time barred by § 546(a). In *In re Petty*, 93 B.R. 208, 213 (9th Cir.BAP, 1988), we recently held that where a case has been closed prior to the running of the two-year period under the erroneous assumption that it has been fully administered, the trustee may be given the remainder of the original two year period, upon the reopening of the case, in which to commence avoidance actions. *See also In re Alt*, 39 B.R. 902, 10 C.B.C.2d 1364, 1367 (Bankr. W.D.Wis.1984); *Stanke*, 41 B.R. at 381 (where two year period has not run prior to closing, avoiding action not barred if case not fully administered); Cf. Ward, 60 B.R. 660 at 663.The Chapter 7 trustee did not become aware of the Cause Of Action until after both the Virginia statute of limitations under Va. Code 8.01-243 and the federal extension under 11 U.S.C. § 108(a) had expired. This occurred because Defendant failed to schedule the Cause of Action as an asset of the estate and did not reopen the case to schedule it when she discovered it and because the Defendant did not file a motion to dismiss the State Court Action for lack of standing until after the expiration of the Section 108(a) extension of the Virginia statute of limitations. trustee had no knowledge

*Herzig*, 93 B.R. at 266-267. The holding in *Herzig* concerning Section 546(a) is clear: a trustee may not bring a cause of action under the relevant avoidance statutes more than two years after

the order for relief, but the two years is tolled during the time during which the case is closed and the trustee is not empowered to bring such actions.

The Court in *Herzig* gives no independent reason for the holding. Nor do any of the three cases cited support the proposition that the limitations period is tolled when the case is closed. In fact, in all three supporting opinions, the case was reopened well before the expiration of the two year period.

*Petty* seems to hold the diametrically opposite proposition in *dicta*. In *Petty*, the case was closed and reopened and the trustee filed a complaint within two years of the order for relief. In *dict*a, the Court noted that it would have held that the complaint was time barred if it had been filed after the two-year limitations period.

> . . . [A] trustee should not be barred from bringing an avoidance action because the estate was closed under the mistaken assumption that it had been fully administered. *It is important to note that if the two year limitation provided in 546(a)(1) had run, the trustee's action would have been barred since that section applies even if the case has never been closed.* As the debtor's petition was filed November 1, 1985 and the adversary proceeding to avoid the transfer was filed 16 months later on April 20, 1987 the action is not barred by § 546(a)(1) or (2).

*Petty*, 93 B.R. at 212 (Emphasis added.) *Petty*, then, states that the two-year statute of limitations in Section 546(a) is not tolled when the case is closed. *Herzig* incorrectly relies on *Petty* for the opposite proposition. Neither opinion provides a reason for extending the statute of limitations in this case.

*Herzig* also cites *In re Stanke*, 41 B.R. 379 (Bankr. Mo. 1984) and *In re Alt*, 39 B.R. 902 (Bankr. W.D.Wisc. 1984). In *Stanke*, the trustee moved to reopen the case so that he could bring an action to avoid a transfer. It had been less than two years since the case was filed. In considering the two-year statute of limitation in Section 546(a), the court wrote:

> It is quite another thing if the two year statute has run as that bars an avoiding action even if the case has never been closed. *Matter of Burstein-Applebee Company*, 30 B.R. 779 (B.C.W.D.Mo.1983). As the trustee was appointed on June 20, 1983, the action to avoid the transfer is not barred by the passage of time.

*Stanke*, 42 B.R. at 381. In *Stanke*, then, the Court, like that in *Petty*, provided no basis for extending the statutory limitations period.

In *Alt*, the trustee was unaware of the cause of action and the case was closed causing the cause of action to be abandoned. The trustee became aware of the cause of action and the case was reopened. The Court considered Section 546(a) and wrote:

> Once the case is reopened, this provision has at least four possible interpretations: 1) The trustee has two years from his or her appointment to bring an action under any circumstance; 2) the trustee may never bring an action once the case has been closed; 3) the trustee has two years from the date on which a trustee was first appointed in to bring the action but only under appropriate circumstances; and 4) the two-year period is tolled when the case is closed, i.e. the period only runs when there is a trustee empowered to act.

*Alt*, 29 B.R. at 903. After revoking the abandonment, the Court continued.

> Thus, the reopening of this case is not only similar to a revocation of abandonment, but can be sustained on the same principles. It would make no sense to permit such a revocation of abandonment but to deny the fruits of that revocation by adopting a narrow construction of § 546(a) to preclude recovery of the subsequently discovered preference. Thus under either of the two latter alternative constructions of § 546(a) suggested above, the trustee would be permitted to pursue his contention. If the running of the two-year period was tolled during the time the case was closed, it has not yet run. If the trustee has two years *in toto,* irrespective of the closing of the case, then the propriety of allowing his action to proceed must be shown.

*Alt*, 29 B.R. at 904. It appears that the Court adopted the third interpretation of Section 546(a), that is that a trustee has two years from the date on which a trustee was first appointed in to bring the action but only under appropriate circumstances. And so *Alt* provides no reason to extend the deadline extended by Section 108(a).

The Plaintiff also asserts that the doctrine of equitable tolling prevents the running of the

statute of limitations. The test for equitable tolling can be expressed in a number of ways. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. Diguglielmo*, 544 U.S. 408, 418, 125 S.CT. 1807, 1814 (2005).

In the case at bar, the Plaintiff continued to pursue the cause of action diligently upon first learning of it.

The Fourth Circuit Court of Appeals has commented on the requirement that extraordinary circumstances prevented a plaintiff from pursuing the cause of action.

> Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir.2001) (quoting Harris, 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, [the plaintiff] is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

*Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). In the case at bar, the circumstances are extraordinary. The Debtor failed to schedule an asset of the estate. That asset, the Cause of Action, essentially expired under State law within two years of the date that it arose. Post-petition, the Debtor pursued the Cause of Action without notifying the trustee. The Defendant waited until the Section 108(a) extension had expired before filing a motion to dismiss for lack of standing in the State Court. Consequently, the Chapter 7 trustee was not informed of the existence of the Cause of Action until after the two-year statute of limitations under Va. Code § 8.01-243 and the Section 108(a) extension have expired. This is no doubt an extraordinary set of

facts[4] that constitute circumstances beyond the control of the Chapter 7 trustee that prevented him from timely filing the Complaint.

The limitation invoked by Section 108(a) is properly extended to the date that the trustee filed the Complaint under the doctrine of equitable tolling.

II.

The Defendant has also filed a motion asking the Court to abstain from hearing this matter. First, the Defendant asserts that the Court should abstain under the doctrine of mandatory abstention.

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

11 U.S.C. § 1334(c)(2).

The Defendant argues that the State Court action can be timely adjudicated. The problem with this argument is that the Debtor does not have standing to prosecute that case.

The Cause of Action is property of the estate. 11 U.S.C. § 541(a). The Cause of Action was not abandoned upon the closing of the case because it was not scheduled. *See* 11 U.S.C. § 554(d). The Cause of Action is subject to administration by the Chapter 7 trustee because it remains property of the estate. *See* 11 U.S.C. § 702(a)(1)-(2). The automatic stay remained, and remains, in effect with respect to the Cause of Action. *See* 11 U.S.C. § 362(c)(1). It follows that the Debtor does not have standing to prosecute the Cause Of Action.

---

[4] This Court has never seen this confluence of facts in more than thirty years on the bench.

The Defendant also argues that the Court should abstain from hearing the matter under the doctrine of permissive abstention.

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

11 U.S.C. § 1334(c)(2).

In determining whether to invoke discretionary abstention, courts have weighed twelve factors. Eastport Assoc. v. City of Los Angeles, 935 F.2d 1071, 1075 (9th Cir. 1991) citing Christianson v. Tucson Estates, Inc. (In re Tucson Estates, Inc.) 912 F.2d 1162, 1167 (9th Cir. 1990). Also see Fidelity National Title Insurance Company v. Franklin (In re Franklin), 179 B.R. 913, 928 (Bankr. E.D.Cal. 1995) and Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc. (In re Republic Reader's Serv., Inc.), 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987).

While all factors should be considered, the exercise is one of legal analysis, not accounting. The "list serves to provide an intellectual matrix to guide the judge who considers abstention . . ." Franklin, 179 B.R. at page 928.

First, the court is to consider the impact on efficient administration of the bankruptcy estate. If this Court abstains from hearing this matter, an asset of the estate will not be administered. Even if the Debtor were permitted to go forward with the State Court Action, abstention would eliminate the possibility of creditors receiving a distribution. This factor weighs heavily, even decisively, against abstention.

Second, the court should consider the extent to which state or federal law predominates over bankruptcy issues. In this case, all causes of action are based on state law. The District Court, however, hears such matters routinely. This is not a factor in this instance.

11

Third, the difficulty or unsettled nature of the applicable law is not a factor.

The fourth factor, the presence of a related proceeding in State Court is critical. As noted, the Debtor does not have standing to prosecute the State Court Action. This factor weighs against abstention.

The fifth factor is whether there is another basis for federal jurisdiction other than 28 U.S.C § 1334. In this case there is none. As such this factor counsels for abstention.

The sixth factor is the legal proximity of the instant case to the parent proceeding. It is necessary to the administration of this estate. This factor weighs heavily against abstention.

The seventh factor, the substance, rather than the form, of an asserted core proceeding, also informs this court to abstain from hearing this proceeding. This is not a factor in this case.

The eighth factor, the feasibility of separating state court matters from the matters to be determined in this court, is not a factor.

The ninth factor, the burden on the bankruptcy court's docket, is a not factor in this case.

The tenth factor, the likelihood that removal of the matter was forum shopping, is not a factor.

The twelfth factor, the presence in the proceeding of non-debtor parties is not a factor. The Defendant can defend the action in the District Court as easily as in the State Court.

In this case, the first, fourth, fifth, and sixth factors counsel against abstention. The fifth factor counsels mildly for abstention. As note, this is not an accounting. The dominant factor in considering permissive abstention is the fact that the Debtor does not have standing to prosecute this action which means that the Cause of Action is not viable in State Court. The motion to abstain will be denied.

*Conclusion*

The motion to dismiss and the motion to abstain will be denied.

Upon entry of this memorandum the Clerk shall forward copies of this memorandum to the Chapter 7 trustee, Kent P. Woods, Esq., and B. Webb King, Esq.

Entered on this  10th  day of February, 2012.

_____
William E. Anderson
United States Bankruptcy Judge